UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK J. CUYLER,

    Plaintiff,

v.                                                       CASE NO.: 6:11-cv-1789-ORL-31KRS

THE HONORABLE MARK E.
FULLER, et al.,

    Defendants.
_____/

**ORDER**

Seeking $800,000,000 in damages, the *pro se* plaintiff sues (Doc. 3) in the Circuit Court for Orange County, Florida, seven district court judges[1] in their individual and official capacities for "discrimination," "conspiracy to commit fraud," and "civil rights violations" under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 242, and

---

[1] Chief Judge Mark E. Fuller, Middle District of Alabama; Judge Mary S. Scriven, Middle District of Florida; Chief Judge Anne C. Conway, Middle District of Florida; Judge John Antoon, II, Middle District of Florida; Judge Gregory A. Presnell, Middle District of Florida; Magistrate Judge Gregory J. Kelly, Middle District of Florida; Magistrate Judge Karla R. Spaulding, Middle District of Florida.

*Bivens*.[2] The defendants remove (Doc. 2) and move (Doc. 12) to dismiss. The plaintiff responds (Doc. 14) in opposition and moves (Doc. 15) for disqualification.[3]

## Discussion

If performing a judicial act, judges have absolute immunity from suits for monetary damages. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S. 335 (1871). Judicial absolute immunity exists despite a charge that the judge acted maliciously or corruptly. *Bradley*, 80 U.S. at 347 ("The purity of [a judge's] motives cannot . . . be the subject of judicial scrutiny."); *Pierson*, 386 U.S. at 554 ("[A judge] should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption."); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985). An act by a judge is a "judicial act" if (1) "it is a function normally performed by a judge, and to the expectations of the parties" and (2) the parties dealt with the judge in his official capacity." *Stump*, 435 U.S. at 361.

Each alleged violation is the type of act performed only by a judge. Each alleged violation occurred in a judicial setting, as a consequence of the case pending before each respective judge, and by virtue of a necessary judicial function. Each alleged violation arose from an order of a court—a "paradigmatic" judicial act—as

---

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] For detail on the plaintiff's history of frivolous litigation, see *Cuyler v. Presnell*, 6:11-cv-623-Orl-31DAB, Doc. 11 (requiring pre-litigation screening in the Middle District of Florida) and Doc. 20 (expanding pre-litigation screening to "a federal court or other federal legal forum" and to a non-federal forum if the plaintiff sues a federal judge).

an immediate consequence of the plaintiff's appearance. *See Forrester v. White*, 484 U.S. 219, 227 (1988). Accordingly, absolute judicial immunity requires dismissal.[4] *Cuyler v. United States District Court,* No. 6:11-cv-1225, 2011 WL 5525935 (M.D. Fla. Nov. 14, 2011) (dismissing the plaintiff's nearly identical lawsuit against the seven district judges named in this action).

The defendant's motion to dismiss (Doc. 12) is **GRANTED**. Because the defendants properly remove under 28 U.S.C. § 1442(a), the plaintiff's motion to remand (Doc. 13) is **DENIED**. For the reasons stated in *Cuyler*, No. 6:11-cv-1225, Doc. 25, the plaintiff's motion to disqualify (Doc. 15) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on December 27, 2011.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] "Absolute judicial immunity serves to protect federal judges from injunctive relief as well as money damages." Bolin v. Story, 225 F.3d 1234, 1240-42 (11th Cir. 2000). To the extent that the plaintiff seeks injunctive or declaratory relief, absolute judicial immunity bars that claim, also.